UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT C. BANCROFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-278-B-W |
| | ) |
| CHARLES CHARLTON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

In a rambling and sometimes incoherent fashion, Robert Bancroft has filed a series of documents wherein he attempts to state claims against Mac Thomas, a mental health worker at the Maine State Prison, Charles Charlton, unit manager at the same institution, and Sergeant Cartledge, a corrections officer. (Complaint, Doc. No. 1).[1] Bancroft has requested emergency review, (Doc. No. 2) apparently because on June 23, 2009, when he filed this complaint, his release date was imminent and Bancroft's concerns related to not only abuse suffered at the prison, but also to anticipated involuntary commitment proceedings that might be commenced upon his release. It now appears from the docket entries that Bancroft has been released from prison and is residing in the community. I recommend that the Court deny the requested emergency review and dismiss these pleadings.

---

[1] At the time Bancroft first filed these documents he was a prisoner at the Maine State Prison. The pleadings arrived unaccompanied by either a filing fee or an application to proceed in forma pauperis. Before attempting any substantive review I issued an order informing Bancroft he had to pay the filing fee or file a motion to proceed in forma pauperis. I also cautioned Bancroft that he might have difficulty obtaining in forma pauperis status because of his litigation history. (See Doc. No. 3). That Order did not reach Bancroft at the prison, apparently because he was released. The clerk attempted to mail my order to another address without success (See Doc. Nos. 4 & 5). Nevertheless Bancroft responded to the court on July 29, 2009, with a document which I construe as a statement of his indigency. Since he apparently is no longer imprisoned, I granted him IFP status without requiring him to pay the fee.

## The Allegations

According to Bancroft on May 13, 2009, he was removed from the general population of the Maine State Prison and placed on a segregated mental health ward. At that time Charlton and Cartledge, two of the named defendants, told Bancroft he was not being punished, but that the placement was for his own good because he only had twenty-seven days left until he left the facility. Bancroft felt that the placement was a punishment because he could not lift weights and he had been placed in handcuffs.

Bancroft was told by Mac Thomas that the placement had to do with the preparations for his release. Bancroft felt he did not need the staff's help preparatory to his release, but that he wanted "$50.00 gate money [and] a bus ticket." Bancroft was dissatisfied with a "new" prison regulation requiring the prisoner to give the prison authorities an address where he would be living upon his release and apparently refused to comply with the request for an address. According to his first filing he was locked in administrative segregation because of his refusal to provide an address. Mac Thomas allegedly threatened to "blue paper" Bancroft on his release date, apparently referring to the involuntary mental health commitment procedure available in the State of Maine. Bancroft also included conclusory allegations that he had previously been tortured at Spurwink School and the Maine Youth Center.

Bancroft also has complaints about the State of Maine's sex offender registry which he will apparently have to comply with upon his release because he is a convicted sex offender. He feels that his registry requirements will interfere with his ability to obtain work as a certified asbestos removal worker in violation of his rights as a U.S. citizen. He has complained about these facts to the district attorney to no avail.

Bancroft also expressed dissatisfaction with the Knox County court because they would not process his protection from abuse complaints and he also expressed his disapproval of the fact that on prior occasions I had issued orders which resulted in the filing fees for his various cases being collected from his prison accounts. According to the "complaint" received on June 23, 2009, Bancroft's anticipated release date was June 28, 2009. The various mailings returned to the court suggest that when I responded to the initial filing as of July 1, 2009, Bancroft had already been released from custody.

**Recommendation**

In Bancroft's most recent filing with the Court he makes five major numbered points: (1) the federal court, at some past date, allowed the state prison to put cleaning materials in food and also allowed Bancroft to be dragged across the floor naked; now Bancroft cannot pay any filing fees; (2) "I am out unless you put me in"; (3) "I only have what the State gave me"; (4) "I had been blue papered at a state mental institution", and (5) "I don't need your help. I know you wont help me pay the state prison back its all about money." I am not at all sure what he means in this pleading, but as I indicated, I construe it as his request for leave to proceed in forma pauperis. I have granted that motion and I am not requiring the payment of any fees in this case.

That being established, the complaint itself is utterly without any cognizable merit. It seems that at the time he filed the complaint Bancroft feared that he would not be timely released from the prison and that Thomas, or others, would take steps to have him involuntarily committed to a mental institution if they did release him from the prison. Based upon the docket entries and the recent correspondence from Bancroft it appears that neither of those events has occurred. At the end of the recent letter to the court, Bancroft says he "wants to withdraw." Perhaps he means he wishes to voluntarily dismiss the prior pleadings because his overriding

concerns at the time he filed the complaint have not materialized. I am uncertain. In any event, I do recommend that this Court dismiss Bancroft's "complaint" without service on the defendants because it fails to state a claim and, in any event, has been rendered moot by his subsequent release from custody.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date   July 30, 2009